Judge Grujen,
delivered his opinion.
The jurisdiction of this Court is limited to decrees and judgments, irr cases where “the matter in controversy” amounts to $ 100, or SOOlbs. of tobacco, &c., exclusive of costs. The matter which is in controversy in the suit, and upon which the judgment or decree is pronounced, must not only be of the value aforesaid, but the controversy in relation to matter of that value must be continued by the appeal. If the case be within the jurisdiction of the Court, the matter in controversy must be enquired into and determined; and, if the decree or judgment he found *166 to be right in all other respects, and erroneous as to costs, gygp error may be corrected, as might any other error, no matter how small in amount. Thus, in Gatnett v. Childers, 2 Munf. 277, the original matter in controversy was sufficient to support the jurisdiction of this Court; nothing but costs was decreed in the Court below, against the party-appealing, and he claimed nothing in the suit; so that his appeal could not continue the original controversy as to the matter of the suit; and the Court dismissed the appeal, for want of jurisdiction. In Ross v. Gordon, 2 Munf. 289, the matter in controversy originally was the whole amount of the judgment at law, the injunction was dissolved as to 72t. 17 la, and perpetuated as to the residue of the judgment, and the. plaintiff was decreed to pay costs. The plaintiff’s appeal continued the controversy as to the 721. 17 lz , and the Court thereby had a jurisdiction of the case; and, upon considering the record, found there was no error but in respect to the costs, and in that respect corrected the decree.
In the case at bar, the plaintiff has not appealed from the decree, so far as it determines the whole matter in controversy in the original suit, but only as to the decree respecting the costs. No costs being decreed to either party, such an appeal does not continue the original controversy, and involves nothing but the question as to the costs. If there were any'' doubt as to this construction of the statute, the mischievous consequences of a contrary construction would completely justify it. In this case the Court would be under the necessity, to enable them to decide upon the question of costs, of examining a voluminous record; and the costs incurred by the parties in prosecuting an appeal to get a decision upon that question, would probably be greater in this case, and in most others, than the value of the matter in controversy. Could it be tolerated that a party claiming $ 1000 in his suit, of which $> 1 was disallowed by the Court below, should, for that cause, be allowed an appeal to this Court, the costs of which might be $ 100 ? I think not.
*167 The appeal should be dismissed, as having been i in providently granted, but without costs.
The other judges concurred, and the appeal was dismissed. *

 Judge Caeeii., absent.